(No. 37758.—

THE VILLAGE OF BENSENVILLE, Appellant, *vs.* ILLINOIS COMMERCE COMMISSION *et al.*, Appellees.

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

WILLIAM A. REDMOND, of Bensenville, for appellant.

JOSEPH J. NAGEL, of Chicago, for appellees, Chicago, Milwaukee, St. Paul and Pacific Railroad Co. and Frank Martoccio.

WILLIAM G. CLARK, Attorney General, of Springfield, (THOMAS G. LYONS, Assistant Attorney General, of counsel,) for appellee Illinois Commerce Commission.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Chicago, Milwaukee, St. Paul and Pacific Railroad Company (hereafter "the Milwaukee") and Frank Mar-

toccio, trustee of the Bensenville Industrial District, filed a joint petition with the Illinois Commerce Commission seeking permission to construct a railroad track across York Road at grade. The Commission granted the petition and the village of Bensenville appealed to the circuit court of Du Page County. The circuit court dismissed the appeal, and the village has appealed to this court. Ill. Rev. Stat. 1961, chap. 111⅔, par. 73.

The Bensenville Industrial District is a tract of approximately 462 acres, about 400 of which are vacant. The tract lies north of Irving Park Road, between York Road on the east and Route 83 on the west. There are no rail facilities now available in the district. The Commission found that there are parties who would use rail service and are ready to purchase industrial sites in the district as soon as rail facilities are available.

A main north and south freight line of the Milwaukee lies a short distance east of and parallel to York Road. The petition before the Commission sought permission to extend a switch track at grade in a northwesterly direction across York Road. The Commission's order provided that the crossing be protected by flashing light signals as well as by members of the switching crews, and that the expense of constructing and maintaining the crossing and its protective devices be borne by the Milwaukee.

The problem in the case arises from the fact that there are presently no railroad facilities in the district, and under the zoning ordinance of the village such facilities are permitted only as a special use, for which the required permit has not been issued by the board of trustees of the village. The Commission took the position that "since this Commission need only determine whether the proposed track may be constructed across a public highway at grade, it need not make any determination of whether or not the proposed switch track may be properly extended into the Bensenville Industrial Area, zoning considered, as that is a matter which

would have to be decided by a forum other than this Commission * * *."

The first contention of the village is that the Commission improperly proceeded under section 58 of the Public Utilities Act, which deals with grade crossings, (Ill. Rev. Stat. 1961, chap. 111⅔, par. 62) whereas it should have applied the standards contained in section 45 of the act, which governs the construction of sidetrack connections. (Ill. Rev. Stat. 1961, chap. 111⅔, par. 45.) Summarized, the pertinent provisions of section 45 require a railroad to furnish sidetrack connections upon the application of actual or contemplated shippers and receivers of freight, if the connection is reasonably practicable and will not materially increase the hazards of the railroad's operations, and if the business to be received is sufficient to justify the expense of the connection to the railroad.

This contention of the village is not sound. Section 45 establishes in general terms the obligation of railroads to furnish sidetrack connections, and then provides a procedure and standards for the determination of that duty in specific contested instances. The procedure it establishes contemplates an application for a connection, and a refusal by the railroad. It is not applicable in this case, where the railroad is a moving party.

While the village's contention that the Commission proceeded under the wrong section of the act is thus untenable, its contention that the Commission erred in refusing to recognize the impact of its zoning ordinance is well taken. The effect of the Commission's order is to authorize the railroad to lay its track across a busy highway at grade without any assurance that the crossing thus authorized will serve a useful purpose.

The Milwaukee seeks to justify the Commission's order on the ground that "no authorization was sought from the Commission to place railroad tracks in the Bensenville Industrial District, which is contiguous to York Road, and no

such authorization was granted. The Commission's order only permits the track to be constructed from one edge of York Road to the other." On this basis it is argued that the kind of zoning that may exist within the District is immaterial because the zoning restrictions of the village, whatever they may be, are not applicable to the surface of the public highway.

But this view of the problem is much too narrow. The authority granted to the Commission to permit a railroad to lay its track across a highway at grade necessarily assumes that the track is going somewhere. Unless a grade crossing is to serve some useful purpose, it should not be authorized. Nor can we accept the Commission's argument that its authority is "sufficient to supersede a village ordinance should the two come into conflict." The decisions relied upon by the Commission, *Village of Atwood* v. *Cincinnati, Indianapolis and Western Railroad Co.* 316 Ill. 425, 431 ; *Illinois Commerce Com. ex rel. Illinois Traction, Inc.* v. *Omphghent Township,* 326 Ill. 65 ; *City of Chicago* v. *Illinois Commerce Com. ex rel., Chicago and Western Indiana Railroad Co.,* 356 Ill. 501, and *City of Geneseo* v. *Illinois Northern Utilities Co.* 363 Ill. 89, dealt with conflicts of jurisdiction between the Commission and municipalities with respect to the protection of grade crossings, the cost of grade separations, and the use of public streets. Nothing in these decisions suggests that the General Assembly has authorized the Commission to supersede municipal regulations governing the use of privately owned land.

In our opinion the Commission properly refrained from passing upon the zoning issue, but its order authorizing construction of the grade crossing was premature in the absence of a showing that the crossing could perform a useful function. Section 58 of the act gives the Commission authority to deal adequately with a situation of this kind. It provides : "The commission shall have the right to refuse its permission or to grant it upon such terms and conditions

as it may prescribe." (Ill. Rev. Stat. 1961, chap. 111⅔, par. 62.) Under this authority the competing claims in this case could readily be accommodated by a Commission order authorizing construction of the grade crossing upon a satisfactory showing that it had been determined that rail facilities could legally be located within the district. The judgment of the circuit court of Du Page County is reversed and the cause is remanded to the Commission for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*